**Stephen J. Joncus**, OSB No. 013072
JONCUS LAW LLC
P.O. Box 838
Clackamas, Oregon 97015
917.236.1200
steve@joncus.net

*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FATHERS & DAUGHTERS NEVADA, LLC,**<br><br>        Plaintiff,<br><br>    v.<br><br>**KURESA MOALIITELE**,<br><br>        Defendant. | Case No. 3:16-cv-00926-SI<br><br>**KURESA MOALIITELE'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |

Defendant Kuresa Moaliitele files this response to Plaintiff's motion to strike. Mr. Moaliitele agrees to drop his second defense for unilateral mistake and opposes Plaintiff's motion with respect to his innocent infringement and fair use defenses as follows.

**1.    Innocent Infringement is an affirmative defense to Plaintiff's claim for statutory damages for copyright infringement.**

Contrary to Plaintiff's contention, there is an innocent infringer defense to copyright infringement. The effect of 17 U.S.C. § 504(c)(2) is to protect, at least in part, infringers who infringe by mistake. It states, in part:

> In a case where the infringer sustains the burden of proving and the Court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200.[1]

Therefore, innocent infringement is a defense to a charge to copyright infringement. And it is also an affirmative defense.

Rule 8(c) does not clearly define what defenses other than those specified in the rule constitute affirmative defenses. Yet, the penalty for failing to assert an affirmative defense is waiver.[2] Therefore, a cautious

---

[1] 17 U.S.C. § 504(c)(2).
[2] Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party *must* affirmatively state any avoidance or affirmative defense, including . . . .") (emphasis added).

pleader is fully justified in asserting anything that might be an affirmative defense.[3]

Innocent infringement has the characteristics of an affirmative defense. Matters on which the defendant has the burden of proof are properly characterized as affirmative defenses.[4] As explicitly stated in the statute, a copyright infringer has the burden of proving that the infringement was innocent.[5]

Other courts have found that innocent infringement is an affirmative defense. "Innocent infringement remains an affirmative defense to an award of statutory damages under 17 U.S.C. § 504(c) for copyright infringement."[6] Here, Plaintiff asserts a claim for copyright infringement and seeks statutory damages.[7] Therefore innocent infringement is a proper affirmative defense.

Plaintiff makes a legal argument that Mr. Moaliitele will not be able to prevail as a matter of law on his affirmative defense of innocent

---

[3] *See Bobbitt v. Victorian House, Inc.*, 532 F Supp 734, 736 (N.D. Ill. 1982).
[4] *See Brunswick Leasing Corp. v. Wisconsin Central, Ltd.*, 136 F.3d 521, 530 (7th Cir. 1998) ("An 'affirmative' defense for pleading purposes is a matter upon which the defendant bears the burden of proof or which does not controvert plaintiff's proof.")
[5] 17 U.S.C. § 504(c).
[6] *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, 2010 U.S. Dist. LEXIS 114306 *143 (S.D. Tex. 2010)
[7] First Amended Complaint, ECF 6 at 5.

infringement, asserting that there was an appropriate copyright notice.[8] But Rule 12(f) motion to strike is not to be used to decide disputed questions of law or fact.[9]

Mr. Moaliitele disputes Plaintiff's assertion of law that 17 U.S.C. § 401(d) applies to the facts in this case. Following an opinion by Justice Alito, there is a strong argument that 17 U.S.C. § 401(d) does not apply to digital downloads of movies from the Internet.[10]

Mr. Moaliitele also disputes that there was a proper copyright notice for the purposes of 17 U.S.C. § 401(d). The first copyright notice in the movie Fathers & Daughters comes at conclusion of the movie—after all the credits—one hour, 55 minutes, and 36 seconds from the beginning of the movie. In other words, one must first infringe before one would see the copyright notice.

Then there is the question of license. In today's Internet, licensed digital content protected by copyright is available to stream over the Internet for consumption on one's own computer—often for free. A

---

[8] Motion at 5. Plaintiff quotes the Copyright statute and erroneously cites it as 17 U.S.C. § 504(d). Plaintiff is apparently quoting 17 U.S.C. § 401(d).
[9] 2 MOORE'S FEDERAL PRACTICE § 12.37 ("If sufficiency of the defense depends on disputed issues of fact or questions of law, a motion to strike should not be granted.")
[10] See Harper v. Maverick Recording Co., 562 U.S. 1080 (2010) (J. Alito dissenting from denial of certiorari).

simple copyright notice says nothing about whether a particular copyrighted work available on the Internet is licensed.

Mr. Moaliitele has plead all the facts necessary to support his affirmative defense of innocent infringement. The affirmative defense states: "Any infringement by Mr. Moaliitele was innocent."[11] Nothing more needs to be said to assert the fact of Mr. Moaliitele's innocence. Counsel also already knows this having taken Mr. Moaliitele's deposition (without representation of counsel) in which Mr. Moaliitele acknowledged that he downloaded the movie but asserted that he did not know that it infringed any copyright. There is no basis for striking Mr. Moaliitele's First Defense of innocent infringement.

**2.    Pleading affirmative defense of Fair Use under Rule 8(c) should not require compliance with Rule 8(a) pleading requirements under *Iqbal/Twombly***

Plaintiff does not make any argument that fair use is not an affirmative defense. Fair use has long been an affirmative defense.[12]

Plaintiff's sole basis for striking Mr. Moaliitele's fair use defense is that not enough facts are pleaded. Plaintiff starts its argument with a misleading cite to *Wyshak v. City of Nat'l Bank*.[13] *Wyshak* does not support

---

[11] Answer, ECF 18 at 4.
[12] *See e.g.*, *Sony BMG Music Entm't v. Tenenbaum*, 672 F. Supp. 2d 217 (D. Mass. 2009).
[13] 607 F.2d 824 (9th Cir. 1979).

Plaintiff's assertion that an affirmative defense must give fair notice of its factual basis. The affirmative defense in *Wyshak* was the statute of limitations, and the Ninth Circuit never addressed whether the factual basis for statute of limitations needed to be pleaded. Indeed, it was enough that Wyshak simply mentioned the particular statute of limitations that he asserted.[14]

Plaintiff has received fair notice of the particular defense pleaded in this case—fair use.

Plaintiffs suggestion that the Court should expunge Mr. Moaliitele's fair use defense at this phase of the case is a far cry from the approach taken by the Judge Nancy Gertner in *Sony BMG Music Entm't v. Tenenbaum*.[15]

> The Court, deeply concerned by the rash of file-sharing lawsuits, the imbalance of resources between the parties, and the upheaval of norms of behavior brought on by the internet, did everything in its power to permit Tenenbaum to make his best case for fair use. Over the record companies' strenuous objection, the Court allowed the fair use defense to be added at the eleventh hour. Again over plaintiffs' objection, the Court allowed limited discovery on the issue, even though discovery had otherwise been closed. The Court did what it could to focus the issue, notwithstanding what can only be described as a truly chaotic defense.[16]

---

[14] *Id*. at 827.
[15] 672 F. Supp. 2d 217 (D. Mass. 2009).
[16] *Id*. at 1852 – 53.

As in *Sony*, this District, like many others around the country, is facing a new rash of file-sharing lawsuits for movies that are streamed using the BitTorrent protocol. As in *Sony*, there is an imbalance of resources between Plaintiff and Mr. Moaliitele, who has been forced to rely on pro bono counsel. In *Sony*, the factual basis for the fair use defense was left to discovery and summary judgment motion practice. The entirety of facts pleaded by the defendant in *Sony* for his affirmative defense was: "The alleged acts complained of by Plaintiffs constitute fair use."[17]

Although Judge Gertner ultimately dismissed the fair use defense on summary judgment, she gave the defendant a fair opportunity to make his case without any requirement for factual pleadings sufficient to support the many elements of fair use.

Plaintiff asserts that the pleading standards of *Twombly* and *Iqbal* apply to affirmative defenses. Many district court decisions disagree with that contention and the Ninth Circuit has not decided the issue.[18]

The difference in the language between Rule 8(a) and Rule 8(c) is significant. Rule 8(c) for affirmative defenses, unlike Rule 8(a) for pleading claims in a complaint, does not require a party state in "short and plain"

---

[17] *Capital Records, Inc. v. Noor Alaujan*, (lead case) 03-cv-11661, ECF 806-2 at 5 (D. Mass. April 15, 2009)
[18] *See e.g.*, *Craten v. Foster Poultry Farms Inc.*, 2016 U.S. Dist. LEXIS 83043 at *4 – *5 (D. Ariz. June 24, 2016); *Lane v. Page*, 272 F.R.D. 581, 588 - 597 (D. N.M. 2011).

terms why the pleader is "entitled to relief."[19] Reading "affirmatively state" in Rule 8(c) to have the same meaning as "contain . . . a short and plain statement . . . showing that the pleader is entitled to relief," would render the extra words in Rule 8(a) superfluous.[20]

Fairness, like that shown by Judge Gertner, also supports rejection of Rule 8(a) pleading standards for Rule 8(c).

> Plaintiffs and defendants are not similarly situated at the pleading stage. For example, plaintiffs have the entire statute of limitations period to investigate their claims, thereby enabling them to allege specific facts in their complaints. Once served, however, defendants typically have only 21 days in which to file responsive pleadings. Fed. R. Civ. P. 12(a). Requiring defendants to allege affirmative defenses with the same level of factual specificity as plaintiffs allege claims would require a similar pre-suit investigation in a much shorter window of time. Such a result would impose an unreasonable and asymmetric burden, and increase the risk that defendants will waive potentially meritorious affirmative defenses.[21]

Furthermore, applying Rule 8(a) pleading requirements for Rule 8(c) affirmative defenses would encourage proliferation of disfavored motions to strike.[22]

The Court should deny Plaintiff's motion to strike Mr. Moaliitele's fair use defense.

---

[19] *Id.* at *6.
[20] *Id.*
[21] *Id.* at *6 - *7.
[22] Id. at *7.

**3.      Plaintiff should be sanctioned for filing its time-wasting motion.**

Plaintiff brings a disfavored motion to strike, attacking Mr. Moaliitele's defenses as if this was a million-dollar case. Mr. Moaliitele cannot afford legal representation and is dependent on pro bono assistance. This is a small claims case, just like the flurry of other BitTorrent cases in this District. Generally, the maximum likely statutory damages recovery is less than $1,000. And "Rule 12(f) motions have been termed 'time wasters' because they are so rarely granted."[23]

Plaintiff's time-wasting motion causes the Court to focus on a $1,000 case like it would a $1,000,000 case. Mr. Crowell has a reputation for filing time-wasting motions to strike on multiple occasions, placing undue burden on pro bono counsel, who are in limited supply, and have limited time to give away for free in these cases. Plaintiff's time-wasting motion will cause the Court and pro bono counsel to spend time worth many times the value of this case. With pro bono resources in such short supply, Plaintiff's behavior has caused the Court to devote a substantial share of those resources to these small claims cases and Plaintiff's time-wasting motions.

---

[23] *Porter v. Howard*, 10-cv-1817, 2011 U.S. Dist. LEXIS 83734 at *32 (S.D. Cal. June 14, 2011).

There ought to be consequences for a party, like Plaintiff, that ties up all these resources worth many times more than the value of its case, just for the sake of its small claim and a time-wasting motion to strike. Plaintiff's conduct amounts to an abuse of the process, and the Court should deter such behavior.

"An attorney who unreasonably and vexatiously multiplies the proceedings may be required to pay the excess fees and costs caused by his conduct." *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1218 – 19 (9th Cir. 2010). Attorneys' fees may be awarded to pro bono attorneys.[24]

Mr. Crowell was warned that fees would be sought if he went ahead with his time-wasting motion. He proceeded anyway. The Court should award attorneys' fees for the time required to respond to Plaintiff's motion to strike.

---

[24] *See Righthaven, LLC v. Leon*, 10-cv-1672, 2011 U.S. Dist. LEXIS 72043 at *3 (D. Nev. July 5, 2011) (awarding fees to the pro bono law firm).

Moaliitele's Opposition to Motion to Strike
Page 10

|  |  | Respectfully submitted, |
|---|---|---|
|  |  | JONCUS LAW LLC |
| December 1, 2016 | By: | s/ *Stephen J. Joncus* |
|  |  | **Stephen J. Joncus**, OSB No. 013072 |
|  |  | PO Box 838 |
|  |  | Clackamas, Oregon 97015 |
|  |  | 971.236.1200 |
|  |  | steve@joncus.net |
|  |  | *Attorney for Defendant* |