# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FATHERS & DAUGHTERS NEVADA, LLC**, | Case No. 3:16-cv-926-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **KURESHA MOALIITELE**, | |
| Defendant. | |

Carl D. Crowell, Crowell Law, P.O. Box 923, Salem, OR 97308. Of Attorneys for Plaintiff.

Stephen J. Joncus, Joncus Law LLC, P.O. Box 838, Clackamas, OR 97015. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff brings this action against Defendant Kuresa[1] Moaliitele, alleging that he infringed Plaintiff's copyright in its motion picture *Fathers and Daughters*. Defendant answered Plaintiff's complaint and asserted three affirmative defenses: innocent infringement; unilateral mistake; and fair use. Plaintiff moves to strike Defendant's affirmative defenses under Federal

---

[1] Defendant asserts in his Answer that his first name is "Kuresa" although in the Amended Complaint he is named as "Kuresha."

Rules of Civil Procedure 12(f) and 8(c).[2] Defendant moves for sanctions in the amount of his attorney's fees required to respond to the motion, arguing that Plaintiff's motion is baseless and time-wasting. Defendant agrees, however, to withdraw his second affirmative defense of unilateral mistake. For the following reasons, Plaintiff's motion to strike is granted in part and Defendant's motion for sanctions is denied.

## STANDARDS

An answer must "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). Such defenses must be stated "in short and plain terms." Fed. R. Civ. P. 8(b)(1)(a). A court may strike an affirmative defense under Federal Rule of Procedure 12(f) if it presents an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). The disposition of a motion to strike is within the discretion of the district court. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). "Motions to strike are disfavored and infrequently granted." *Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." (quotation marks and alterations omitted)).

---

[2] Plaintiff offers no authority for the proposition that Rule 8(c) provides a basis to bring a motion to strike. The procedures under which a party may challenge pleadings are set forth in Rule 12. Rule 12(f) is the appropriate rule under which to bring a motion to strike an affirmative defense. Accordingly, the Court denies Plaintiff's motion under Rule 8(c).

An affirmative defense may be struck if it is insufficient. "'The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.'" *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). "[T]he 'fair notice' required by the pleadings standards only requires describing the defense in 'general terms.'" *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. 1998) (hereinafter "Wright & Miller").

Rule 12(f) also provides that pleadings that are "immaterial" or "impertinent" may be struck by a court. An "immaterial" matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc.*, 984 F.2d at 1527 (quoting Wright & Miller, § 1382). "Impertinent" matters are those "that do not pertain, and are not necessary, to the issues in question." *Id.* Such pleadings are legally insufficient because they clearly lack merit "under any set of facts the defendant might allege." *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 489 (S.D. Cal. 2013) (citation and quotation marks omitted).

## BACKGROUND

This action was originally part of a case naming multiple internet protocol ("IP") addresses as persons who illegally downloaded the movie *Fathers & Daughters* using the BitTorrent network. In that action, the Court granted Plaintiff's motion to seek discovery from the internet service providers of the various defendants in order to identify the persons associated with the infringing IP addresses. This case was then severed and filed as a separate action, naming only a single IP address as the Doe defendant.

Plaintiff eventually identified Defendant's mother as the subscriber associated with the infringing IP address. Plaintiff issued her a subpoena to appear at a deposition. Defendant

appeared at the deposition and agreed to proceed with the deposition without representation by counsel. At his deposition, Defendant testified that he uses the BitTorrent network and that a few days before the deposition he downloaded the movie *Fathers & Daughters* "to see what this movie was all about." ECF 12-1 at 7.

Plaintiff then filed an Amended Complaint naming Defendant and served Defendant by leaving a copy at Defendant's residence with Defendant's brother and mailing a copy. Defendant failed to answer the Complaint and Plaintiff moved for entry of default against Defendant. The Court then appointed pro bono counsel to represent Defendant.

With the assistance of counsel, Defendant filed his Answer and included the three affirmative defenses. After Plaintiff filed its motion to strike, Defendant agreed to withdraw his second affirmative defense but argues that his first and third affirmative defenses should not be struck under Rule 12(f).

## DISCUSSION

### A. Application of *Iqbal* and *Twombly* to Affirmative Defenses

The parties dispute whether the requirement that sufficient facts be alleged to "plausibly" support a claim, as set forth in the cases of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), apply to pleading affirmative defenses. As the parties note, district courts within the Ninth Circuit are split on this issue.

Although the Ninth Circuit has not expressly analyzed whether the pleading requirements of *Iqbal* and *Twombly* apply to affirmative defenses, after the decisions in *Iqbal* and *Twombly* were issued, the Ninth Circuit has continued to hold that affirmative defenses need only provide "fair notice" and be alleged "in general terms." *See, e.g.*, *Simmons*, 609 F.3d at 1023; *Kohler*, 779 F.3d at 1019. District Courts have considered the opinion in *Kohler* to resolve the split in the district courts by explaining that the pleading standards only require describing an affirmative

PAGE 4 – OPINION AND ORDER

defense in general terms. *See Staggs v. Doctor's Hosp. of Manteca*, 2016 WL 3027742, at *1 (E.D. Cal. May 27, 2016). Until the Ninth Circuit or Supreme Court holds otherwise, the Court is bound to follow the Ninth Circuit's holdings that affirmative defenses need only provide fair notice of the defense and need only be described in general terms. *See Walker v. Charter Commc'ns Inc.*, 2016 WL 3563483, at *2-3 (D. Nev. June 29, 2016) (discussing cases and holding that *Iqbal* and *Twombly* do not apply to affirmative defenses because "a defendant must simply give the plaintiff fair notice of the defense by affirmatively stating what the defense is"); *Staggs*, 2016 WL 3027742, at *1 (finding *Kohler* dispositive that *Iqbal* and *Twombly* do not apply to affirmative defenses); *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 565-66 (S.D. Cal. 2012) ("Most significantly, the Ninth Circuit has continued to recognize the 'fair notice' standard of affirmative defense pleading even after *Twombly* and *Iqbal*."); *Trustmark Ins. Co. v. C & K Mkt., Inc.*, 2011 WL 587574, at *1 (D. Or. Feb. 10, 2011) ("Until *Wyshak* is overruled I am bound to follow it. Therefore, I decline to extend the plausibility pleading requirements of *Twombly* to affirmative defenses.").

Moreover, the difference between the rules governing pleading claims and pleading affirmative defenses supports a finding that *Iqbal* and *Twombly* do not apply. Rule 8(a)(2) requires "a short and plain statement of the claim *showing that the pleader is entitled to relief*," (emphasis added), whereas Rule 8(c)(1) requires a party simply to "affirmatively state any . . . affirmative defense." *See also* Fed. R. Civ. P. 8(b)(1)(A) (requiring a party to "state in short and plain terms its defenses to each claim asserted against it"). "Applying the same standard of pleading to claims and affirmative defenses, despite this clear distinction in the rules' language, would run counter to the Supreme Court's warning in *Twombly* that legislative action, not 'judicial interpretation,' is necessary to 'broaden the scope' of specific federal pleading

standards." *Kohler*, 280 F.R.D. at 566; *see also Craten v. Foster Poultry Farms Inc.*, 2016 WL 3457899, at *2 (D. Ariz. June 24, 2016) ("If the Court interpreted the words 'affirmatively state' in Rule 8(c) to have the same meaning as the words 'contain . . . a short and plain statement . . . showing that the pleader is entitled to relief,' in Rule 8(a)(2), it would render much of Rule 8(a)(2) superfluous." (alterations in original)).

Additionally, the Court agrees with the explanation of the court in *Craten* that fairness considerations also support this interpretation:

> Fairness considerations also support the Court's interpretation. Plaintiffs and defendants are not similarly situated at the pleading stage. For example, plaintiffs have the entire statute of limitations period to investigate their claims, thereby enabling them to allege specific facts in their complaints. Once served, however, defendants typically have only 21 days in which to file responsive pleadings. Fed. R. Civ. P. 12(a). Requiring defendants to allege affirmative defenses with the same level of factual specificity as plaintiffs allege claims would require a similar pre-suit investigation in a much shorter window of time. Such a result would impose an unreasonable and asymmetric burden, and increase the risk that defendants will waive potentially meritorious affirmative defenses. *See Tyco Fire Prods. [LP v. Victaulic Co.]*, 777 F. Supp. 2d [893,] 901 [(E.D. Pa. 2011)] ("[A]pplying the concept of notice to require more than awareness of the issue's existence imposes an unreasonable burden on defendants who risk the prospect of waiving a defense at trial by failing to plead it . . . and have a short amount of time to develop the facts necessary to do so[.]"); *see also* Fed. R. Civ. P. 12(b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.").

> Moreover, requiring affirmative defenses to satisfy *Twombly* and *Iqbal*'s plausibility standard likely would lead to a proliferation of motions to strike. It is unlikely that the Supreme Court intended *Twombly* and *Iqbal* to open the floodgates to motions to strike, particularly in light of the disfavor with which such motions are viewed. *See Tyco Fire*, 777 F. Supp. 2d at 901 ("[R]equiring greater notice conflicts with the longstanding truism that motions to strike are disfavored.").

*Craten*, 2016 WL 3457899, at *3 (some alterations in original).

**B. Motion to Strike**

    **1. Innocent Infringement**

Under 17 U.S.C. § 504(c)(2), if a court finds that an "infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200." Plaintiff argues that Defendant's affirmative defense the he was an innocent infringer is not a proper defense to liability, although Plaintiff appears to concede that it is a defense to damages. Plaintiff contends that an innocent infringement defense "must be limited to damages." ECF 22 at 3. Plaintiff then argues that Defendant fails to allege "plausible facts" sufficient to show that he did not know and had no reason to believe that his actions were infringing Plaintiff's copyright or that Defendant had a good faith belief in the innocence of his conduct. Plaintiff argues that the copyright notice at the end of *Fathers & Daughters* was sufficient as a matter of law to put Plaintiff on notice that his conduct was infringing.

Plaintiff's primary argument relies on Plaintiff's misbelief that the pleading standards of *Iqbal* and *Twombly* apply to affirmative defenses. Defendant, however, need not allege "plausible facts," but need only provide fair notice and describe the defense in general terms. The Court finds that Defendant has done so.

Additionally, Plaintiff is arguing issues of facts and law that are disputed, and this is not an appropriate basis for a Rule 12(f) motion. *See J & J Sports Prods., Inc. v. Marini*, 2016 WL 6996245, at *3 (E.D. Cal. Nov. 30, 2016) (noting that "a motion to strike is not normally the appropriate method to challenging the substantive sufficiency of a defense"); *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005) ("Before a motion to strike is granted the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense

succeed."); Wright & Miller, § 1381 (noting that where there is "a substantial question of fact or a mixed question of law and fact" or "even when the defense seems to present a purely legal question, federal courts are very reluctant to determine disputed or substantial issues of law on a motion to strike" as such questions are "best determined only after further development"). At this stage in the proceedings, the Court declines to strike Defendant's innocent infringement affirmative defense.

    **2. Fair Use**

    Fair use is an affirmative defense that "presumes that unauthorized copying has occurred, and is instead aimed at whether the defendant's use was fair." *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1170 (9th Cir. 2012). This defense is codified in 17 U.S.C. § 107, which instructs that factors to be considered include: (1) "the purpose and character of the use"; (2) "the nature of the copyrighted work"; (3) "the amount and substantiality of the portion used"; and (4) "the effect . . . upon the . . . value of the copyrighted work." These statutory factors may not be treated in isolation; rather, "[a]ll are to be explored, and the results weighed together, in light of the purposes of copyright." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578 (1994). Fair uses include "for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research." 17 U.S.C. § 107. The determination of whether the fair use doctrine applies "is not to be simplified with bright-line rules, for the statute, like the doctrine it recognizes, calls for case-by-case analysis." *Campbell*, 510 U.S. at 577.

    Plaintiff argues that Defendant has not alleged sufficient facts that plausibly show fair use. Because the Court declines to apply the *Iqbal* and *Twombly* pleading requirements, the Court looks only to whether Defendant's allegations provide fair notice of the defense.

Defendant denies that he had notice of Plaintiff's copyright through general advertising and copies of *Fathers & Daughters* that contained a proper copyright notice. He further denies that he has distributed the movie more than 1,000 times and that he has downloaded and distributed other content. He denies that his conduct harmed Plaintiff or that Plaintiff is entitled to damages. He alleged that any infringement was innocent, that he believed that movies available for streaming on the internet were licensed and permitted, and that his acts constituted fair use.

The Court finds that Defendant's allegations do not provide fair notice of how his conduct falls within the fair use doctrine. Defendant does not identify the first factor to consider—the purpose and character of his use—even in general terms. Unlike the general assertion of innocent use, which the Court found to provide fair notice, fair use includes many possible uses and Defendant offers no allegation as to what specific fair use he contends. The Court recognizes that this defense is highly factual and generally governed on a case-by-case basis for which a motion strike would not be an appropriate challenge. In this case, however, because Defendant's Answer is devoid of any allegations whatsoever that relate to fair use, the Court grants Plaintiff's motion. Defendant has leave to replead to include a general description of his alleged fair use defense that will provide fair notice to Plaintiff.

## C.  Motion for Sanctions

Defendant argues that Plaintiff brought this motion for purposes of wasting time and increasing attorney's fees. The Court disagrees. First, in response to the motion Defendant voluntarily withdrew one affirmative defense that he apparently was unwilling to concede in the absence of a motion. This alone demonstrates that Plaintiff's entire motion was not frivolous.

Second, the Court has granted Plaintiff's motion with respect to Defendant's third affirmative defense. This also demonstrates the validity of the motion. Accordingly, Defendant's motion for sanctions is denied.

## CONCLUSION

Plaintiff's motion to strike (ECF 20) is GRANTED IN PART. Plaintiff's motion is denied with respect to Defendant's first affirmative defense. Plaintiff's motion is granted against Defendant's second and third affirmative defenses, which are STRICKEN. Defendant may replead his third affirmative defense within 30 days of the date of this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 19th day of December, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge