IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FATHERS & DAUGHTERS NEVADA, LLC**,<br><br>            Plaintiff,<br><br>      v.<br><br>**KURESHA MOALIITELE**,<br><br>            Defendant. | Case No. 3:16-cv-926-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff brings this action against Defendant Kuresa[1] Moaliitele, alleging that he infringed Plaintiff's copyright in its motion picture *Fathers and Daughters* by using BitTorrent software. Before the Court is Defendant's Motion for Summary Judgment. Defendant argues that based on the doctrine of issue preclusion, Plaintiff is precluded from arguing that it is the actual or beneficial owner of the relevant interest in the copyright in the motion picture *Fathers and Daughters* and thus Plaintiff does not have standing to bring this lawsuit. Plaintiff did not file a response to Defendant's motion for summary judgment.

---

[1] Defendant asserts in his Answer that his first name is "Kuresa" although in the Amended Complaint he is named as "Kuresha."

PAGE 1 – ORDER

This Court previously determined in *Fathers & Daughters Nevada, LLC v. Zhang*, Case No. 3:16-cv-1443-SI, that Plaintiff did not have standing to sue for alleged BitTorrent infringement because Plaintiff was not the actual or beneficial owner of the relevant copyright. As explained by the Ninth Circuit:

> Issue preclusion bars relitigation of issues adjudicated in an earlier proceeding if three requirements are met: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

*Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1021 (9th Cir. 2012) (quoting *Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 (9th Cir. 2006)). All three conditions are met.

The issue of whether Plaintiff owns the necessary copyright to have standing to litigate alleged BitTorrent infringement is the identical issue decided in *Zhang*. This Court granted summary judgment and entered a final judgment in *Zhang*. Finally, the party against whom judgment was entered in *Zhang* is the same party against whom Defendant is moving for summary judgment here—Plaintiff.

Defendant's motion for summary judgment (ECF 58) is GRANTED. Based on the doctrine of issue preclusion, the Court finds that Plaintiff does not have standing to bring this lawsuit.

**IT IS SO ORDERED.**

DATED this 7th day of September, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 2 – ORDER